UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~
In re
**DENNIS A. DICKINSON,**                              Chapter 7
    Debtor                                        Case No. 08-14081-JNF
~~~~~~~~~~~~~~~~~~~~~~~~~~~
**MICHAEL HUGHES,**
    Plaintiff

v.                                                    Adv. P. No. 08-1210-JNF

**DENNIS A. DICKINSON,**
    Defendant
~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

Whereas, Dennis A. Dickinson (the "Debtor") filed a voluntary Chapter 7 petition on July 3, 2008; and

Whereas, Michael Hughes (the "Plaintiff" or "Hughes") timely filed a complaint against the Debtor under 11 U.S.C. §§ 523 and 727 on August 12, 2008; and

Whereas, in Count I of his Complaint, Hughes alleged that the Debtor is not entitled to a discharge under 11 U.S.C. § 727 because he failed to list assets and failed to disclose property transfers and other required information in his Schedules and Statement of Financial Affairs; and

Whereas, in Counts II through IV of his Complaint, Hughes also alleged that he sold his home, located at 48 Rear Butler Street, Salem, Massachusetts (the "property"), to the Debtor's mother-in-law, Barbara Radzimirska ("Radzimirska"), as part of foreclosure

1

rescue transaction orchestrated by the Debtor and that the Debtor's conduct in inducing him to enter into the transaction and stripping equity from the property warrants a determination by this Court that a debt in an unspecified amount is excepted from discharge under 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6); and

Whereas, on February 11, 2009, the Debtor filed a Motion for Summary Judgment and Concise Statement of Undisputed Facts, together with a Memorandum and 12 exhibits, seeking summary judgment as to all counts of the Plaintiff's Complaint; and

Whereas, on April 3, 2009, Hughes timely filed an Opposition to the Debtor's Motion for Summary Judgment, together with a Memorandum containing a Statement of Material Facts and 10 exhibits; and

Whereas, the Court held a hearing on the Motion for Summary Judgment and the Opposition on April 21, 2009 at which the Court denied summary judgment as to Count I of the Complaint; and

Whereas, the Court took the Motion for Summary Judgment with respect to the remaining counts of the Complaint under advisement and directed the parties to submit complete copies of all depositions attached to the summary judgment pleadings by April 24, 2009; and

Whereas, the Debtor submitted the full deposition transcript of the Plaintiff's testimony but did not submit a full deposition transcript of his own testimony, and the Plaintiff failed to submit complete copies of the deposition transcripts excerpted in his exhibits, including that of the Debtor and Radzimirska; and

Whereas, the Court has reviewed the pleadings, exhibits and memoranda submitted by the parties, including the Standard Form Purchase and Sale Agreement and Deed pursuant to which Hughes and his father, Robert T. Hughes, as co-owners of the property, conveyed the property to Radzimirska for the purchase price of $295,000, the HUD Settlement Statement executed in conjunction with Radzimirska's acquisition of the property through financing provided by America's Wholesale Lender, and the Agreement dated November 13, 2006 pursuant to which Hughes obtained the right to purchase the property from the "Investor" identified as the Debtor and Radzimirska, for a purchase price of $265,500 within two years if he made monthly payments of $1,475; and

Whereas, pursuant to Fed. R. Civ. P. 56(c), made applicable to this proceeding by Fed. R. Bankr. P. 7056, the United States Court of Appeals for the First Circuit has stated the following:

> It is apodictic that summary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). As to issues on which the movant, at trial, would be obliged to carry the burden of proof, he initially must proffer materials of evidentiary or quasi-evidentiary quality-say, affidavits or depositions-that support his position. When the summary judgment record is complete, all reasonable inferences from the facts must be drawn in the manner most favorable to the nonmovant. This means, of course, that summary judgment is inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record. . . .

Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 763 (1st Cir. 1994)(citations omitted, footnote omitted),

Now, therefore, the Court enters summary judgment in favor of the Debtor on

Counts III and IV and denies summary judgment with respect to Count II. The Court finds that genuine issues of fact exist as to Hughes's claims under 11 U.S.C. § 523(a)(2)(A), but that no genuine issues of material fact exist as to his claims under 11 U.S.C. § 523(a)(4) or (a)(6). The record is devoid of facts which would permit this Court to find that the Debtor defalcated while acting in a fiduciary capacity or embezzled money from the Plaintiff. *See, e.g.*, Rutanen v. Baylis (In re Baylis), 313 F.3d 9, 17-18 (1st Cir. 2002); Auburn Dev. Corp. v. Shorton (In re Shorton), 378 B.R. 424, 429-430 (Bankr. D. Mass. 2007); Baker v. Friedman (In re Friedman), 298 B.R. 487, 496-97 (Bankr. D. Mass. 2003). Similarly, the record is devoid of any facts that would permit a finding that the Debtor both willfully and maliciously injured the plaintiff and his property. *See, e.g.,* Kawaauhau v. Geiger, 523 U.S. 57, 59-61 (1998); Casella Waste Mgmt. of Mass., Inc. v. Romano (In re Romano), 385 B.R. 12, 30-31 (Bankr. D. Mass. 2008).

In accordance with the foregoing, the Court shall enter an order allowing in part and denying in part the Debtor's Motion for Summary Judgment and shall issue a date for the filing of the Joint Pretrial Memorandum with respect to Counts I and II.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: June 16, 2009
cc: Christopher S. O'Connor, Esq., Christopher Hemsey, Esq., Michael T. Eramo, Esq., and Joseph G. Butler, Esq.

4

5